UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIFEVOXEL VIRGINIA SPV, LLC, a Virginia LLC; SCOTT MARSCHALL, an individual; DEBBIE GALLO, an individual; KEVIN SINAGRA, an individual; and SCOTT POOLE, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>LIFEVOXEL.AI, Inc., a Delaware Corporation; KOVEY KOVALAN, an individual; and LINH LE, an individual,<br><br>Defendants. | Case No.: 22-cv-1917-GPC<br><br>**ORDER:**<br><br>**1) GRANTING MOTION TO AMEND AND VACATING HEARING; AND**<br><br>**2) DENYING PENDING MOTION TO DISMISS AS MOOT**<br><br>**[ECF Nos. 9, 16]** |

Before the Court is Plaintiffs' Motion for Leave to File an Amended Complaint. ECF No. 16. Defendants filed an Opposition, (ECF No. 30), and Plaintiffs filed a Reply, (ECF No. 37). For the reasons below, the Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint. Plaintiff shall file an amended complaint within five (5) days of the Court's Order. Pursuant to Local Rule 7.1(d)(1), the hearing currently set for June 2, 2023 is hereby **VACATED**.

1

# BACKGROUND

On December 2, 2022, Plaintiffs LifeVoxel Virginia SPV, LLC; Scott Marschall; Debbie Gallo; Kevin Sinagra; Scott Poole; and Peter Bershatsky filed their initial Complaint against Defendants LifeVoxel.AI, Inc.; Kovey Kovalan; and Linh Le. ECF No. 1 (Compl.). Plaintiffs allege six causes of action: (1) violation of Section 12(a)(1) of the Securities Exchange Act; (2) violation of Section 10 of the Securities Exchange Act; (3) violation of Section 20 of the Securities Exchange Act; (4) violation of the Virginia Securities Act; (5) common law fraud; and (6) civil conspiracy. *Id.* Plaintiffs' initial Complaint states that Defendants fraudulently induced Plaintiffs, via misrepresentations and "active concealment of information regarding LifeVoxel's financial condition," to invest Simple Agreements for Future Equity ("SAFE Notes") in Defendant LifeVoxel. Compl. ¶ 2. Plaintiffs allege this money was used to "finance [Defendants'] personal lives and push out minority investors." Compl. ¶ 3.

On March 6, 2023, Defendants filed a Motion to Dismiss. ECF No. 9. The Court set a briefing schedule, and the Motion was fully briefed. *See* ECF Nos. 11, 14, 15. On April 13, 2023, Plaintiffs filed a Motion for Leave to File an Amended Complaint pursuant to Federal Rule of Civil Procedure 15(a). ECF No. 16. Plaintiffs state they seek to "clarify the content and timelines of events" and make "other minor changes." *Id.* at 7.[1] Plaintiffs assert "[t]he proposed amendments do not insert new issues into this litigation." *Id.* The amendments "more specifically articulate the emails in question and their contents and [] enclose the presentation . . . that contains the financial misrepresentations alleged." *Id.* at 10. They also seek to add Peter Bershatsky as a Plaintiff. *Id.*

---

[1] Page citations refer to CM/ECF pagination.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("Rule") 15(a), "[a] party may amend its pleading once as a matter of course within (A) 21 days after serving it; or (B) 21 days after service of a motion under Rule 12(b) . . . ." Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave," and courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded."); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) (stating "[R]ule 15's policy of favoring amendments to pleadings should be applied with 'extreme liberality'").

In assessing the propriety of an amendment, courts consider several factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by amendments previously permitted;[2] (4) prejudice to the opposing party; and (5) futility of amendment. *Foman*, 371 U.S. at 182; *United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011). These factors do not carry equal weight; the possibility of delay alone, for instance, cannot justify denial of leave to amend. *DCD Programs*, 833 F.2d at 186. The single most important factor is whether prejudice would result to the non-movant as a consequence of the amendment. *Eminence Cap., LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) ("As this circuit and others have held, it is the consideration of prejudice to the opposing party that carries the greatest weight."). The burden of demonstrating prejudice falls on the party opposing leave to amend. *DCD Programs*, 833 F.2d at 187.

---

[2] Because this is Plaintiff's first request to amend in this action, the Court does not discuss this factor.

When determining whether to grant leave to amend, courts must bear in mind that "the underlying purpose of Rule 15 [is] to facilitate decisions on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*); *see also In re Zoom Video Commc'ns Inc. Priv. Litig.*, 525 F. Supp. 32 1017, 1027 (N.D. Cal. 2021).

## DISCUSSION

### A. Undue Delay

First, the Court must determine if Plaintiffs unduly delayed in filing this Motion. To show undue delay, the party opposing amendment "must at least show delay past the point of initiation of discovery." *SAES Getters S.p.A. v. Aeronex, Inc.*, 219 F. Supp. 2d 1081, 1086 (S.D. Cal. 2002). Generally, a motion to amend filed prior to the initiation of discovery, "where no other proceedings have taken place in the interim," is not seen as unduly delayed. *See id.* at 1096 (citing *DCD Programs*, 833 F.2d at 187 (finding 14-month delay insufficient to deny motion to amend)).

Plaintiffs' request for leave to amend is complicated by the fact that Plaintiffs filed a substantially similar complaint in this Court on April 22, 2022 (*LifeVoxel I*). *See LifeVoxel Virginia SPV, LLC et al v. LifeVoxel.AI, Inc. et al*, Case No. 22-cv-566 (S.D. Cal.). This Court dismissed *LifeVoxel I* in its entirety on August 23, 2022, after Plaintiffs failed to file an opposition to Defendants' motion to dismiss. *See LifeVoxel Virginia SPV, LLC v. LifeVoxel.AI, Inc. et al*, 622 F. Supp. 3d 935 (S.D. Cal. 2022). Plaintiffs state they failed to respond to the motion to dismiss because Plaintiffs' counsel "was engaged in settlement discussions with Defendants' counsel," and they "agreed that Defendants would not pursue the Motion to Dismiss and that Plaintiffs would file an amended complaint instead." ECF No. 16 at 7; ECF No. 16-1 at 1-5 ("Gordon Decl.") ¶ 4. Plaintiffs' counsel states she was under the impression the parties agreed to extend the time to file a first amended complaint but that she "inadvertently forgot to file a motion

for extension of time to file a first amended complaint," and the Court granted the motion to dismiss in the meantime. *Id.*; Gordon Decl. ¶ 5. Plaintiffs' counsel states that they filed the complaint in this second action "[a]fter it became clear that settlement would not be possible." ECF No. 16 at 8; Gordon Decl. ¶ 6.

Regardless of Plaintiffs' reasons for not filing a motion to dismiss in *LifeVoxel I*, the Court does not find undue delay. Plaintiffs filed the initial Complaint in this matter on December 2, 2022. ECF No. 1. Defendants filed a Motion to Dismiss, which was fully briefed as of April 7, 2023. ECF Nos. 9, 14, 15. On April 13, 2023, Plaintiffs filed the instant Motion. ECF No. 16. No intervening proceeding or discovery has occurred since Plaintiffs filed their initial complaint in this action. This Court is not aware of, and neither Party has drawn the Court's attention to, a case in which a court found undue delay absent at least the initiation of discovery. Defendants cite a Ninth Circuit case in which they argue the court denied leave to amend after the case had been pending for only six months. ECF No. 30 at 31 (citing *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 809 (9th Cir. 1988)). However, in that case, the Ninth Circuit stated that the motion to amend was filed "at least six months after [plaintiffs] had *become aware* of the new claims" (not six months since the filing of the complaint), and noted that at the time the motion to amend was filed, the case had been pending for nearly two years, discovery had concluded, and the case had been set for trial. *McGlinchy*, 845 F.2d at 805-06, 809 (emphasis added). This is clearly very different from the circumstances in the present action. Thus, because discovery has not started and no substantial proceedings have occurred, the Court finds there is not undue delay.

**B. Bad Faith**

Bad faith exists when the proposed amendment "will not save the complaint or the plaintiff merely is seeking to prolong the litigation by adding new but baseless legal theories." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 881 (9th Cir. 1999). Bad faith

may also be present when the moving party has a "'history of dilatory tactics.'" *Naranjo v. Bank of Am. Nat'l Ass'n*, 2015 WL 913031, at *5 (N.D. Cal. Feb. 27, 2015) (quoting *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 799 (9th Cir. 2001)). A court should look to the record to determine if bad faith exists. *Id.* (citing *DCD Programs*, 833 F.2d at 187).

Plaintiffs argue the proposed amendments are not an attempt to prolong the litigation because the initial complaint was filed only four months prior to their request to amend. ECF No. 16 at 14. They further argue that, once they "discovered the correct emails and presentation that should have been referenced in the complaint," they allowed Defendants the opportunity to agree to a stipulation to file an amended complaint. *Id.* (citing ECF No. 16-2 (Khan Decl.) ¶ 3. Defendants assert that bad faith exists because the proposed amendments do not plead facts "with the requisite particularity" to survive a motion to dismiss. ECF No. 30 at 30.

The Court finds that Plaintiffs have not clearly acted in bad faith. The initial complaint in this action was filed only six months ago, and as stated above, no discovery has occurred, which indicates that Plaintiffs do not appear to be engaged in attempts to prolong the litigation. The record in this action, and in *LifeVoxel I*, does not show a history of dilatory tactics abusing the rules of procedure. Nevertheless, it is not lost on this Court that Plaintiffs' counsel appears to have suffered from a number of mistakes and oversights throughout the course of this action and *LifeVoxel I*. It is not entirely clear to this Court why Plaintiffs' counsel only discovered the relevant presentations and emails in March 2023. *See* ECF No. 16 at 8-9. Further, Plaintiffs' counsel admits she "inadvertently forgot" to file a motion to extend the time to file an amended complaint, or otherwise modify the hearing and briefing schedule in *LifeVoxel I*. ECF No. 16 at 7. Nevertheless, the Court trusts that Plaintiffs' counsel will continue in good faith to

minimize errors going forward. Thus, the Court does not find that this factor favors denying leave to amend.

### C. Prejudice

"Prejudice is the touchstone of the inquiry under Rule 15(a)," and "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting a leave to amend." *Eminence Cap.*, 316 F.3d at 1052 (internal quotations omitted). Prejudice may exist where new allegations "greatly alter[] the nature of the litigation" and would require defendants to undertake, "at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990); *Peterson v. California*, No. 1:10-cv-01132-SMS, 2011 WL 3875622, at *3 (E.D. Cal. Sept. 1, 2011) ("[W]hen, after a period of extensive discovery, a party proposes a late-tendered amendment that would fundamentally change the case to incorporate new causes of action and that would require additional discovery, the amendment may be appropriately denied as prejudicial to the opposing party.").

The Court finds amendment at this stage and under these circumstances would not unduly prejudice Defendants. Plaintiffs' proposed amended complaint does not add new legal claims or theories. *See* ECF No. 16 at 15. The new factual allegations do not alter the nature of the litigation to a significant extent, as Plaintiffs state the amendments simply seek to clarify allegations made in *LifeVoxel I*. Further, as mentioned elsewhere, the litigation is in its early stages. *See Fremantlemedia N. Am., Inc. v. AXA Ins. Co.*, 2010 WL 11601204, at *3 (C.D. Cal. Nov. 5, 2010) (granting motion for leave to amend because the case was in "its early stages and neither party has conducted discovery, except for initial disclosures"). Defendants have filed a Motion to Dismiss, but expenses incurred before a motion to amend is filed do not alone establish prejudice. *United States v. United States Healthcare Ins. Co.*, 848 F.3d 1161, 1184 (9th Cir. 2016). Accordingly,

the Court does not find that Defendants will be substantially prejudiced should Plaintiffs be granted leave to file an amended complaint.

### D. Futility

An amendment is futile "only if it would clearly be subject to dismissal." *SAES Getters*, 219 F. Supp. 2d at 1086 (citing *DCD Programs*, 83 F.2d at 188). Amendment is futile when a court could not "conceive of additional facts that could, if formally alleged, support the claim[s]." *Corinthian Colls.*, 655 F.3d at 995. "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion . . . such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." *SAES Getters*, 219 F. Supp. 2d at 1086. Courts generally do not consider the validity of a proposed amended pleading in deciding whether to grant leave to amend, instead deferring consideration of challenges to the merits after leave to amend is granted and the amended pleadings are filed. *See id.*; *Clarke v. Upton*, 703 F. Supp. 2d 1037, 1043 (E.D. Cal. 2010) ("[D]enial [of a motion to amend] on this ground is rare and courts generally defer considerations of challenges to the merits of a proposed amended pleading until after leave to amend is granted and the amended pleading is filed.").

Defendants' argue Plaintiffs' Motion should be denied because the proposed amended complaint does not adequately plead any causes of action that might survive a motion to dismiss. ECF No. 30 at 11. This Court previously dismissed Plaintiffs' action based on the same claims and legal theories, (*LifeVoxel*, 622 Supp. 3d at 948); however, Defendants' motion to dismiss in the prior action was unopposed, seemingly due to inadvertence or excusable neglect on behalf of Plaintiffs' counsel, (ECF No. 16 at 7-8).

The Court does not intend to rehash each legal issue from *LifeVoxel I* without the benefit of substantive briefing on the issues presented therein. However, the Court notes that Plaintiffs' *LifeVoxel I* complaint suffered from three main problems: (1) Plaintiffs

had not sufficiently and particularly pled the contents of the alleged misleading statements and omissions; (2) Plaintiffs failed to plead facts that tended to show Defendants knew the statements were false or that they intended to deceive Plaintiffs; and (3) Plaintiffs had not demonstrated "loss causation," i.e., that Defendants' acts or omissions caused Plaintiffs' loss. *LifeVoxel*, 622 F. Supp. 3d at 944-947.

Plaintiffs' proposed amended complaint provides additional facts intended to address each of these deficiencies. First, the Court previously found that Plaintiffs had failed to allege facts showing the "who, what, when, where, and how" of Defendants' allegedly fraudulent and misleading presentations. *See id.* at 945. Plaintiffs' proposed amended complaint includes additional details as to these statements and attaches the presentations as exhibits. *See* ECF No. 16-1 at 325-26. Second, the Court found Plaintiffs had not adequately pled facts to show that Defendants acted with the requisite mental state intending to "'deceive, manipulate, or defraud.'" *LifeVoxel*, 622 F. Supp. 3d at 945 (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 319 (2007)). Plaintiffs' proposed amended complaint provides new facts that pertain to Defendants' mental state at the time they made the alleged misrepresentations and omissions to Plaintiffs. *See* ECF No. 16-1 at 338 ¶ 126. Last, this Court previously found that Plaintiffs had not sufficiently pled loss causation because they had not pled any facts to show that the value of their SAFE Notes investment had been reduced. *LifeVoxel*, 622 F. Supp. 3d at 947. Plaintiffs' proposed amended complaint alleges new facts as to the value of LifeVoxel, namely that it "has been able to secure no other investors and has no present marketable value." ECF No. 16-1 at 339 ¶ 130. The Court finds this could feasibly impact the Court's loss causation analysis.

In making these findings, the Court does not purport to definitively find that Plaintiffs' proposed amended complaint would survive a motion to dismiss. The Court merely finds that Plaintiffs have included additional factual allegations intended to

address the deficiencies previously noted in *LifeVoxel I*. Further, because the *LifeVoxel I* motion to dismiss was unopposed, the Court would benefit from opposing arguments on issues such as loss causation and scienter. For these reasons, the Court is not prepared to say that there exists no factual scenario in which all or some of Plaintiff's causes of action can survive a Motion to Dismiss against all or some of the Defendants.

Overall, the *Foman* factors weigh in favor of permitting Plaintiffs to amend their Complaint. The Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint given the strong federal policy favoring amendments due to a preference for resolving cases on the merits. *See DCD Programs, Ltd.*, 833 F.2d at 186.

## CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiffs' Motion for Leave to File an Amended Complaint. Plaintiff shall file an Amended Complaint within five (5) days of the Court's order. The hearing currently set for June 2, 2023 is **VACATED**. The pending Motions to Dismiss are **DENIED** as MOOT.

**IT IS SO ORDERED.**

Dated:  May 30, 2023

Hon. Gonzalo P. Curiel
United States District Judge